IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL D. CHINSKI, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No: 04-4 GMS |
| | ) | |
| JANET KEOUGH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM**

**I.    INTRODUCTION**

On January 5, 2004, Michael D. Chinski, Jr.("Chinski"), an inmate housed at the Delaware Correctional Center (the "DCC") in Smyrna, Delaware, filed this *pro se* civil rights action against Janet Keough ("Keough"), pursuant to 42 U.S.C. § 1983.  Chinski's complaint alleges that, on January 16, 2002, Keough, an outpatient therapist with Rockford Center, testified during his bench trial in Superior Court.  (See D.I. 2, at IV Statement of Claim.)  According to the complaint, Keough's testimony was: (1) "a violation of privilege and confidentiality regarding therapist and patient"; (2) defamatory and severely harmful to Chinski because it "label[ed] [him] a sociopath"; and (3) a "cover[] up [of] the closeness shared with [Chinski]." (Id.)  Chinski is seeking damages in the amount of five million dollars "for the irreparable harm [Keough] caused." (Id. at V Relief.)

Presently before the court is Keough's Motion to Dismiss for Failure to State a Claim (D.I. 10), pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons that follow, the court will grant the motion.

## II. STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *See Kost v. Kozakiewicz*, 1 F.3d 183 (3d Cir. 1993). Thus, as in the case of a Rule 12(b)(1) motion, the court must accept the factual allegations of the complaint as true. *See Graves v. Lowery*, 117 F.3d 723, 726 (3d Cir. 1997); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). In particular, the court looks to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer." *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 666 (3d Cir.1988). However, the court need not "credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3rd Cir.1997). A court should dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Graves*, 117 F.3d at 726; *Nami*, 82 F.3d at 65 (both citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). However, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Conley*, 355 U.S. at 45-46).

## III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). To act under "color of state law," a defendant

must be "clothed with the authority of state law." *West*, 487 U.S. at 49.  In the present case, the allegations directed to Keough all relate to testimony offered against Chinski at his trial.  Keough had obtained the information about which her testimony related while she was employed as an outpatient therapist at Rockford Center, where Chinski received outpatient counseling services.  Rockford Center is a private psychiatric facility,[1] located in Newark, Delaware.  Further, Chinski has not alleged that Rockford Center services the state of Delaware, or that Keough is employed, either directly or indirectly, by the State of Delaware.  Quite simply, Chinski has failed to allege that Keough is "clothed with the authority of state law."  *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d Cir. 2004).

Additionally, the court concludes that the complaint fails to allege the violation of a federally-secured right.  *See West*, 487 U.S. at 48.  Chinski's complaint first alleges that Keough breached the therapist/patient confidentiality privilege by testifying against him in Superior Court.  Breach of confidentiality, however, is a state law claim and, as such, does not arise under the Constitution or laws of the United States.  *See Smith v. Delaware Dep't of Corr.*, No. Civ. A. 05-066-JJF, 2005 WL 3050615, at *2 (D. Del. Nov. 14, 2005); *Thomas v. Larson,* No. 00-999, 2001 U.S. Dist. LEXIS 1941, at *71 (E.D. Pa. Feb. 27, 2001), *aff'd*, 281 F.3d 224 (3d Cir. 2001).  Thus, Chinski's confidentiality claim is not actionable under section 1983.

Chinski's complaint also alleges defamation and harm to him through Keough's testimony, because it labeled him a sociopath.  With respect to this claim, the Supreme Court has held that "[d]efamation, by itself, is a tort actionable under the laws of most States, but not a constitutional

---

[1] *See* https://www.rockfordcenter.com/indexnew.html (stating that Rockford Center is "Delaware's first *private* psychiatric facility").

violation." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991); *see Paul v. Davis*, 424 U.S. 693, 710 (1976); *Dubois v. Vargas*, 148 Fed. Appx. 111, 114 (3d Cir. 2005) (noting that a plaintiff alleging injury to his liberty interest in his reputation must allege that he has suffered an additional deprivation of a constitutional right in connection with the injury in order to state a claim under section 1983). Here, Chinski has not alleged an additional deprivation of a Constitutional right. Therefore, his defamation allegation does not state a claim under section 1983. Accordingly, because Chinski has failed to allege the violation of a federally-secured right by a state actor, it appears beyond doubt that he can prove no set of facts in support of his claim that would entitle him to relief.[2]

Dated: January 5, 2007                                    /s/ Gregory M. Sleet
                                                          UNITED STATES DISTRICT JUDGE

---

[2] To the extent that Chinski attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Furthermore, a plaintiff cannot recover under section 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 312 U.S. 477, 487 (1994). Here, Chinski has not alleged or proven that his conviction or sentence was reversed or invalidated as provided by *Heck.* Moreover, to the extent Chinski seeks damages for his current incarceration, his claim rests on an "inarguable legal conclusion" and is, therefore, frivolous. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL D. CHINSKI, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No: 04-4 GMS |
| | ) | |
| JANET KEOUGH, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The defendant's Motion to Dismiss for Failure to State a Claim (D.I. 10) is GRANTED.

2. The Clerk of Court is directed to close this case.


Dated: January 5, 2007                               /s/ Gregory M. Sleet
                                                      UNITED STATES DISTRICT JUDGE